IN RE APPROPRIATION FOR HIGHWAY PURPOSES: MASHETER, DIR. OF HIGHWAYS, APPELLEE, *v.* FORTE ET AL., APPELLANTS.

(No. 68-68—Decided December 24, 1968.)

*Messrs. Luchett, Hoffman & O'Brien* and *Mr. James A. O'Brien*, for appellants.

*Mr. William B. Saxbe*, attorney general, and *Mr. Harry N. Kandel*, for appellee.

O'NEILL, J. The first assignment of error by the appellants is that the Common Pleas Court did not have jurisdiction in the case because the Director of Highways did not comply with the procedure to be followed in appropriating property for highway purposes, which is set forth in Sections 5519.01 and 5519.02, Revised Code. The appellants contend that the notice served upon them did not "contain, or have attached, a definite, accurate, and detailed description of the property appropriated, as shown by or contained in the copy of the resolution or finding filed with the court by the director."

The appellants did not raise this question in the Common Pleas Court. The appellants do not assert that they were unaware of the exact boundary and description of the property which is being appropriated.

The appellants' case is based upon the technical contention that there is not a metes and bounds description of the property to be appropriated in the notice the appellants received. The appellants contend that a "center-line description," such as was used in these proceedings, does not comply with the "definite, accurate, and detailed description" requirement of Section 5519.01, Revised Code; that the requirements of that section are conditions precedent to the trial court acquiring jurisdiction; that the trial court did not acquire jurisdiction in this cause; and that, therefore, this appropriation is a taking of appellants' property without due process of law.

The purpose of the requirement in Section 5519.01, Revised Code, that there be "a definite, accurate, and detailed description of the property," is to make the property owner aware of the exact location and description of the property which the state proposes to take so that he may have it appraised and be prepared to prove the value of the property taken and the damages to the residue, as well as to provide him with knowledge of what property will remain for his possession and use after the taking has been completed.

The appellants do not contend that they did not know the exact location of the property which the state proposed to take. Under such circumstances, the "center-line description" which made the appellants aware of the property being appropriated, does meet the requirements of the statute sufficiently to give the trial court jurisdiction.

Had the appellants raised the question in the trial court concerning the "center-line description" and asserted that it was not sufficient to make them aware of exactly what property the state proposed to take and what the residue would be after the taking, the appellants would, no doubt, have been entitled, at that time and on that ground, to a metes and bounds description. However, since the appellants made no objection in the trial court and proceeded to a jury trial and judgment, and made a motion for new trial without raising the question of inadequacy of the

"center-line description," that question can not properly be raised, for the first time, in the Court of Appeals.

The second assignment of error is that the Court of Appeals erred in finding that the judgment of the trial court was not contrary to law, for the reason that the Court of Common Pleas failed to have the case submitted to a jury within 20 days after it has been determined that the appeal was properly perfected, as required by Section 5519.02, Revised Code.

The appellants did not raise this question in the trial court, but raised it for the first time in the Court of Appeals. The record is silent as to any action taken by the appellants in the trial court to demand a trial within the time set by the statute, or at a time earlier than the time at which the case was tried.

The provision in Section 5519.02, Revised Code, that the trial court shall set an appropriation case for trial to a jury within 20 days after the preliminary hearing, is directory. That provision is for the benefit of the property owner whose claim to such benefit must be exercised in the trial court. That issue can not be raised for the first time in the Court of Appeals.

There being no merit in the appellants' assignments of error, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, DOYLE, SCHNEIDER and BROWN, JJ., concur.

DOYLE, J., of the Ninth Appellate District, sitting for HERBERT, J.